# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2456

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *        Appeal from the United States
      v.                                     *        District Court for the Southern
                                             *        District of Iowa.
Lamont Gentry Falls,                         *
                                             *              [UNPUBLISHED]
            Appellant.                       *


_____

Submitted: September 13, 2000
Filed: October 30, 2000

_____

Before BEAM, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

This case initially came before the court on appellant's application for a certificate of appealability from the district court's denial of his 28 U.S.C. § 2255 motion and on appeal from a denial of appellant's motion for recusal. We denied the application and summarily affirmed the district court's denial of the recusal motion. Appellant thereafter filed a motion for a limited remand in order to raise a new claim for relief before the district court in light of the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).

We construe appellant's motion for limited remand as a motion for leave to file a second or successive § 2255 motion. In our recent decision in <u>Rodgers v. United States</u>, No. 00-2916 (8th Cir. Oct. 13, 2000), we held that an <u>Apprendi</u> claim is unavailable in a second or successive § 2255 motion because the Supreme Court has not made the constitutional rule announced in <u>Apprendi</u> applicable to cases on collateral review. Based on our reasoning in <u>Rodgers</u>, we deny appellant's motion without prejudice. Should the Supreme Court later provide that <u>Apprendi</u> is retroactive, appellant may again seek leave to file a second or successive § 2255 motion before the district court raising his <u>Apprendi</u> claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

2